# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00354-CV

Texas Health and Human Services Commission; Tom Suehs, in his official capacity as the Commissioner of Health and Human Services; and Billy Millwee, in his official capacity as the Texas State Medicaid Director, Appellants

**v.**

Advocates for Patient Access, Inc.; John Doe A, by and through his next friend, Laura Garza; John Doe B, by and through his next friend, Nayeli Garza; and Jane Doe A, by and through her next friend, Isabel Tijerina, Appellees

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
### NO. D-1-GN-12-001297, HONORABLE PAUL DAVIS, JUDGE PRESIDING

## NO. 03-12-00606-CV

Texas Health and Human Services Commission; Tom Suehs, in his official capacity as the Executive Commissioner of Health and Human Services; and Billy Millwee, in his official capacity as the Texas Medicaid Director, Appellants

**v.**

Advocates for Patient Access, Inc.; John Doe A, by and through his next friend, Laura Garza; John Doe B, by and through his next friend, Nayeli Garza; and Jane Doe A, by and through her next friend, Isabel Tijerina, Appellees

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
### NO. D-1-GN-12-001297, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

# **O P I N I O N**

In these two interlocutory appeals, the Texas Health and Human Services Commission, Tom Suehs in his official capacity as the Commissioner of Health and Human Services, and Billy Millwee in his official capacity as the Texas State Medicaid Director (collectively, "HHSC") appeal (1) a temporary-injunction order issued on behalf of Advocates for Patient Access, Inc. and others[1] (collectively, "Advocates") and (2) a subsequent temporary-injunction order that expanded the scope of injunctive relief and corrected procedural defects in the original temporary-injunction order. We will dismiss the appeal of the first temporary-injunction order as moot and affirm the second order as modified.

## **BACKGROUND**

Advocates filed a declaratory-judgment action against HHSC, seeking a declaration that an HHSC Medical Transportation Program (MTP) rule is invalid and asking the trial court to permanently enjoin its enforcement. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 2008) (Uniform Declaratory Judgment Act); Tex. Gov't Code Ann. § 2001.038 (West 2008) (authorizing declaratory-judgment action to determine validity or applicability of agency rule); *see also* 1 Tex. Admin. Code § 380.207(4) (2012) (Tex. Health & Human Servs. Comm'n, Program Limitations), *amended*, 37 Tex. Reg. 10192 (Dec. 28, 2012) (imposing requirement of accompaniment by parent or guardian for transportation to eligible recipients under age of 15). At

---

[1] Other plaintiffs are John Doe A, by and through his next friend, Laura Garza; John Doe B, by and through his next friend, Nayeli Garza; and Jane Doe A, by and through her next friend, Isabel Tijerina.

the time of the proceedings below, the rule at issue—section 380.207(4) of the regulations governing the MTP—provided that transportation to Medicaid services would not be available to recipients under the age of 15 unless accompanied by a parent or guardian (subject to certain exceptions).[2] 1 Tex. Admin. Code § 380.207(4) (2012), *amended*, 37 Tex. Reg. 10192 (Dec. 28, 2012).

Advocates challenged the validity of section 380.207(4) as applied to participants in the state's Early and Periodic Screening, Diagnosis, and Treatment (EPSDT) Program because children under the age of 15 are statutorily eligible for EPSDT services if they are accompanied at the services by a parent, guardian, *or* "another adult, including an adult related to the child, authorized by the child's parent or guardian to accompany the child." Tex. Human Res. Code Ann. § 32.024(s) (West Supp. 2012). Because section 380.207(4) prescribed a more restrictive accompaniment requirement for transportation, Advocates asserted that the rule (1) deprived eligible Medicaid recipients of the opportunity to participate in services mandated by federal and state

---

[2] The relevant portion of section 380.207 provided:

Recipients are not eligible to receive medical transportation services under the following circumstances:

. . . .
    (4)    The recipient is under 18 years of age and not accompanied by a parent or legal guardian, unless one of the following conditions exists:
        (A)    the recipient is aged 15 through 17 years of age and presents the parent's or legal guardian's signed, written consent for the transportation services to the Regional MTP office or the transportation contractor; and/or
        (B)    the treatment to which the minor is being transported is such that the law extends confidentiality to the minor for treatment.

1 Tex. Admin. Code § 380.207(4) (2012) (Tex. Health & Human Servs. Comm'n, Program Limitations), *amended*, 37 Tex. Reg. 10192 (Dec. 28, 2012).

3

law and (2) conflicted with federal regulations and state statutes requiring the provision of necessary transportation services to eligible Medicaid recipients. *See* 42 U.S.C. § 1396a(13) (governing contents of state plans for medical assistance); 42 U.S.C. § 1396d(a), (r)(5) (defining "medical assistance" and "early and periodic screening, diagnostic, and treatment services"); 42 C.F.R. §§ 431.53 ("A State plan must . . . [s]pecify that the Medicaid agency will ensure necessary transportation for beneficiaries to and from providers."), 441.62(a) ("The agency must offer to the family . . . [n]ecessary assistance with transportation as required under § 431.53."); Tex. Gov't Code Ann. §§ 531.0057 (West 2012) ("The commission shall provide medical transportation services for clients of eligible health and human services programs."), .02414 (West 2012) (defining "medical transportation program"); Human Res. Code § 32.024(s) (authorizing reimbursement for EPSDT services for child under age 15 if accompanied by parent, guardian, or authorized adult to provider visit or screening). With respect to the individual defendants, Suehs and Millwee, Advocates further asserted that enforcement of the MTP rule is ultra vires because the rule conflicts with the express language of the state statutes governing the EPSDT program and the MTP.

Although section 380.207 of the MTP rules had been on the books for at least a decade and had previously been unchallenged, Advocates asserted that the rule was never enforced as a bar to eligibility for transportation to EPSDT services as long as a child under the age of 15 was accompanied by a parent or guardian *or any other adult authorized by a parent or guardian.* Consequently, although clearly contrary to section 380.207's terms, a practice developed whereby parents and guardians would authorize employees of EPSDT service providers to accompany their children during transportation services and at visits and screenings.

4

In March 2012, however, after discovering a perceived "overutilization" of MTP services in South Texas, HHSC sent EPSDT service providers a letter stating an intent to enforce the rule strictly. The letter also interpreted section 32.024(s)(2) of the human resources code as requiring that a child younger than age 15 be accompanied by the child's parent or guardian or another authorized adult *related to the child* at an EPSDT visit or screening. *Cf.* Human Res. Code § 32.024(s)(2) (providing that child can be accompanied at such services by "another adult, including adult related to the child, authorized by child's parent or guardian"). In response to the March 2012 letter, Advocates for Patient Access, Inc. was formed as an advocacy group for patients and providers, and the underlying lawsuit was filed by the group and the individual plaintiffs (at least one of whom is a member of the group) to challenge HHSC's actions.

Ancillary to the declaratory-judgment and permanent-injunction actions, Advocates sought a temporary injunction prohibiting HHSC from enforcing section 380.207(4) and enjoining HHSC from applying a narrow interpretation of section 32.024(s)(2) pending a final disposition of the suit on the merits. Following an evidentiary hearing, the trial court signed a temporary-injunction order on May 17, 2012, that, in effect, precluded HHSC from applying the MTP rule and from deviating from the requirements of the EPSDT statute ("the May injunction order"). *See* Tex. Civ. Prac. & Rem. Code Ann. § 65.021 (West 2008) (district court's jurisdiction to grant injunctive relief). Specifically, the trial court enjoined HHSC from:

(a)     denying eligibility of a Medicaid recipient under the age of 18 for medical transportation services because a parent or guardian does not accompany the Medicaid recipient during the provision of such transportation services, provided that the Medicaid recipient's parent or guardian authorizes any other adult to accompany the child; or

(b) requiring as a condition for eligibility for reimbursement for any visit or screening provided under the early and periodic screening, diagnosis and treatment program of the Medicaid program that a child younger than fifteen years of age be accompanied by the child's parent or guardian if the child's parent or guardian has authorized any other adult to accompany the child to the visit or screening.

But the May injunction order did not include provisions setting a bond or a trial date as required by Texas Rules of Civil Procedure 683 and 684. Accordingly, HHSC filed an interlocutory appeal contending that the May injunction order was void ab initio due to these procedural defects. That appeal was assigned Cause No. 03-12-00354-CV in this Court.

Although enforcement of the May injunction order was superseded upon HHSC's filing of the notice of appeal, *see* Tex. Civ. Prac. & Rem. Code Ann. § 6.001(a), (b) (West 2002) (state agencies exempt from appeal bond), HHSC voluntarily refrained from enforcing section 380.207(4)'s accompaniment requirement and instead instituted a process by which parents and guardians could designate another adult to accompany their children during transportation to services. HHSC also proposed amendments to the MTP accompaniment rule that would expand its scope to allow parents and guardians to designate another adult to accompany their children during transportation as long as such other adult was not employed by the medical-services provider.

Based on these developments, Advocates filed an "Application for Expanded Temporary Injunction," seeking to expand the prior injunction to preclude HHSC from employing what it called an "overly burdensome" process for EPSDT participants to receive authorization for transportation services. Advocates alleged that the procedures HHSC implemented—including requiring use of a specified authorization form that identified the authorized adult and provided his or her contact information and requiring that a phone call be generated to obtain authorization for

6

transportation for each child and each EPSDT session—were too onerous and resulted in eligible recipients not being provided EPSDT services. Advocates also complained about the proposed amendments to section 380.207(4) and asked that HHSC be enjoined from enforcing any new rule that limited the persons authorized to accompany a Medicaid child to an EPSDT visit or during transportation to such visit. Finally, Advocates requested that the court enjoin HHSC from enforcing administrative penalties against certain providers based on claims that those providers had violated unrelated rules prohibiting providers from offering inducements designed to influence a Medicaid recipient's decision regarding the selection of a provider or the receipt of a good or service under Medicaid. *See* 1 Tex. Admin. Code § 371.27 (2012) (Tex. Health & Human Servs. Comm'n, Office of Inspector General). Despite obvious procedural defects in the May injunction order, however, Advocates did not request that the May injunction order be dissolved.

After another evidentiary hearing, the trial court signed a "Modified Temporary Injunction" on August 31, 2012, ("the August injunction order") that included the same relief granted in the May injunction order—parts (a) and (b) quoted above—and also set a bond amount and a trial date as required by the rules of civil procedure. The August injunction order further expanded the scope of injunctive relief by enjoining HHSC from engaging in the following conduct:

(c)     requiring the use of any particular written authorization form for MTP transportation services that was not regularly used before May 3, 2012, which is the date of the Court's temporary restraining order; and

(d)     requiring any person acting on behalf of a Medicaid-eligible child from having to contact any person, prior to the provision of transportation services, in order to designate an authorized adult.

The trial court denied all other temporary relief requested by Advocates. Although it did not expressly dissolve the prior injunction, the August injunction order manifested an intent to correct the procedural defects in the May injunction order, to carry forward the substantive provisions of the May injunction order, and to expand the scope of injunctive relief to include the new authorization processes adopted following issuance of the May injunction order.

HHSC perfected a separate interlocutory appeal from the August injunction order, which was assigned Cause No. 03-12-00606-CV in this Court and was consolidated with the earlier appeal for purposes of oral argument due to the overlapping issues. *Cf. generally* Tex. R. App. P. ("TRAP") 27.3 ("After an order or judgment in a civil case has been appealed, if the trial court modifies the order or judgment . . . the appellate court must treat the appeal as from the subsequent order or judgment and may treat actions relating to the appeal of the first order or judgment as relating to the appeal of the subsequent order or judgment."), 29.6 ("While an appeal from an interlocutory order is pending, on a party's motion or on the appellate court's own initiative, the appellate court may review . . . a further appealable interlocutory order concerning the same subject matter . . . .").

**DISCUSSION**

On appeal, HHSC challenges the validity of the August injunction order on substantive and procedural grounds, arguing that (1) pursuant to TRAP Rule 29.5, the trial court lacked authority to modify the May injunction order while it was on appeal, (2) the August injunction order is void because it was issued while the May injunction order was on appeal and had been superseded by virtue of section 6.001 of the civil practice and remedies code, (3) the August

8

injunction order is void because it lacks the specificity required by Civil Procedure Rule 683, (4) the trial court abused its discretion in granting the modified temporary injunction because there is insufficient evidence of probable, imminent, and irreparable harm, (5) the trial court abused its discretion in issuing the modified temporary injunction because Advocates failed to meet its burden of establishing a probable right to recovery, and (6) parts (c) and (d) of the modified injunction improperly attempt to control state action, which is precluded by the doctrine of sovereign immunity.

Also at issue on appeal is what effect the August injunction order has on the merits of the pending appeal of the May injunction order. Advocates contends that the trial court was authorized to correct the procedural defects in the May injunction order and that, when it did so, the modified order superseded the original order, mooting the appeal from that order. HHSC argues that it is still entitled to a determination that the May injunction order was void ab initio because the trial court's August injunction order did not expressly dissolve that order—nor was the court asked to dissolve it. HHSC contends that, without an adjudication on the merits of the appeal from the May injunction order, there remains a question about whether it was subject to the terms of that injunction between May 17, 2012, and August 31, 2012.[3]

---

[3] An additional mootness issue was raised at oral argument based on amendments to section 380.207(4) that became effective January 1, 2013. As of that date, section 380.207 was amended to expand the categories of persons who are eligible to accompany children under 15 years of age while they are being transported to receive medical services and now includes "another adult authorized by the parent or guardian" as long as that person is not affiliated with the medical-services provider. *See* 1 Tex. Admin. Code § 380.207(4) (adopted December 28, 2012) (Tex. Health & Human Servs. Comm'n, Program Limitations) (citing 1 Tex. Admin. Code § 354.1133, which also became effective January 1, 2013, and governs parental accompaniment for minors receiving services under state's EPSDT Program). Because the amended rule became effective while these appeals were pending—and Advocates subsequently amended its pleadings to assert claims under the amended rule—HHSC argues that both the May and August injunctions should be dissolved because they were issued based on a rule that no longer exists. Advocates contends, however, that

We will consider the procedural challenges before addressing HHSC's challenges to the merits of injunctive relief.

*Procedural Challenges*

### 1.      **Does the August Injunction Order Violate TRAP Rule 29.5 or HHSC's Supersedeas Rights?**

As a threshold matter, HHSC contends that the August injunction order is void because it was issued after the May injunction order was appealed, did not dissolve or vacate the prior injunction order, and included at least some relief that was substantively identical to the relief granted in the prior injunction order, which was superseded pending resolution of the previously filed appeal. Under these circumstances, HHSC argues, the August injunction order is void because it violates TRAP Rule 29.5 and HHSC's duly-invoked supersedeas rights in the appeal from the May injunction order.

TRAP Rule 29.5 affirms the trial court's continuing jurisdiction over a case while an appeal from an interlocutory order is pending. *See* Tex. R. App. P. 29.5. The rule expressly authorizes the trial court to make further orders, including one dissolving the order complained of on appeal, and to proceed with a trial on the merits, unless otherwise prohibited by law. *Id.* The trial court is prohibited, however, from "mak[ing] an order that . . . interferes with or impairs the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on

---

the appeals are not moot based on the rule change because the injunctions enjoin conduct that would otherwise be permitted even under the amended rules. Because the injunction orders at issue in the consolidated appeals enjoin HHSC from engaging in conduct that would be permitted under the amended rules, we agree with Advocates that the appeals are not moot based on the rule change. However, the trial court is free to reconsider the continued propriety of injunctive relief in light of the rule change.

appeal." *Id.* HHSC argues that the August injunction order violates TRAP Rule 29.5 by granting at least some of the same relief as the prior order and requiring it to challenge the validity of the same relief in serial appeals.

In accordance with TRAP Rule 29.5, the trial court had authority to modify or amend the May injunction order to (1) grant identical substantive relief, (2) grant additional substantive relief, and (3) bring the injunction into compliance with Civil Procedure Rules 683 and 684 as long as those actions did not interfere with or impair this Court's jurisdiction or the effectiveness of the relief HHSC seeks on appeal from the May injunction order. *See id.* We conclude that the trial court's August injunction order did not violate TRAP Rule 29.5. *See Tanguy v. Laux*, 259 S.W.3d 851, 855 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (trial court's actions in dissolving prior injunction order and amending order did not violate TRAP Rule 29.5 because substantive relief was identical so substantive claims remained alive and dissolution of prior order did not interfere with effectiveness of relief sought for procedural deficiencies because dissolution gave appellant all relief he sought on appeal); *Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 690 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (holding that "the fact that the modified order implicitly supplanted the earlier, appealed order [did not] in itself interfere with [court's] interlocutory jurisdiction in violation of rule 29.5," provisions that were substantively similar presented same issues on appeal and provided same opportunity for relief, and new provisions did not adversely affect relief that could be granted). There were no substantive challenges to the May injunction order, but even if there had been, those issues would remain alive in the appeal of the August injunction order. As to the addition of a trial setting and a bond requirement, it is difficult to conceive how those modifications could interfere with our jurisdiction or deprive HHSC of

11

effective relief given that their absence was the sole basis for the first appeal, and the modification gave HHSC the relief it sought—a bond and a trial setting as required by rules 683 and 684. Logic and reason preclude us from construing TRAP Rule 29.5 as hamstringing trial courts from correcting procedural defects while an interlocutory appeal is pending based on those defects. As our sister court said in substantially similar circumstances:

> A trial court should not be allowed to frustrate a party's right to appellate review. However, that has not happened in this case. The amended order merely sets a trial date for a hearing on the permanent injunction, as required by Tex. R. Civ. P. 683. The appellant should not be able to complain both that the order is void because no trial date is set and also that a trial date has been set. The reason for requiring that a temporary injunction set a date for trial on the merits is to prevent the temporary injunction from becoming effectively permanent, without a trial having occurred. That purpose was accomplished here by the setting of the trial date. The trial court's amended order accomplishes the purpose of rule 683 by preventing the temporary injunction from becoming "permanent" while the appellant waits indefinitely for a trial on the merits. Moreover, it does not interfere with our power to grant relief on appeal.
>
> It is unnecessary to vacate this injunction in order to protect either appellant's right to a speedy trial or to effective appellate review of the temporary injunction.

*Eastern Energy, Inc. v. SBY P'ship*, 750 S.W.2d 5, 6 (Tex. App.—Houston [1st Dist.] 1988, no writ).

We also reject HHSC's suggestion that TRAP Rule 29.5 categorically prohibits a trial court from issuing an order when a prior order that includes the same substantive relief is already on appeal. While the prior version of TRAP Rule 29.5—former TRAP Rule 43(d)—expressly prohibited trial courts from making an order "granting substantially the same relief as that granted by the order appealed from," *see id.* (quoting former TRAP Rule 43(d)), that restriction was not carried forward in the 1997 appellate rules revision and instead was repealed "as being too broad." *Texas Rules of Court*, Tex. R. App. P. 29.5, Comment to 1997 Rule Change (West 2012). The

12

revision embodied in the current version of TRAP Rule 29.5 emphasizes that there is no per se restriction on a trial court's ability to modify or amend orders that have been appealed; rather, the principal concern of Rule 29.5 is to clarify that the trial court retains jurisdiction to proceed as long as it does not interfere with the jurisdiction of the appellate court or the ability of the appellate court to grant effective relief in interlocutory appeals. For the reasons previously stated, those concerns are not implicated in the circumstances of the present case.

To the extent HHSC is vexed about having to prosecute seriatim appeals from amended or modified orders, we note, parenthetically, that such a scenario appears to be adequately addressed and ameliorated by two other rules of appellate procedure. TRAP Rule 29.6 states that "[w]hile an appeal from an interlocutory order is pending, on a party's motion or on the appellate court's own initiative, the appellate court may review . . . a further appealable interlocutory order concerning the same subject matter." Tex. R. App. P. 29.6(1). The phrase "same subject matter" is not defined and is probably broader than a modified or amended order, but at the very least it would appear to apply to such orders. *See Tanguy*, 259 S.W.3d at 855 (amended temporary injunction was further appealable interlocutory order that concerned same subject matter); *Ahmed*, 99 S.W.3d at 687 (determining that appellate court had authority to review modified temporary-injunction order entered while interlocutory appeal was pending because it concerned same subject matter as prior order). Even more on point, TRAP Rule 27.3, which expressly applies to appealed orders that have been modified while the appeal is pending, provides as follows:

> After an order or judgment in a civil case has been appealed, if the trial court modifies the order or judgment . . . the appellate court must treat the appeal as from the subsequent order or judgment and may treat actions relating to the appeal of the first order or judgment as relating to the appeal of the subsequent order or judgment.

13

> The subsequent order or judgment and actions relating to it may be included in the original or supplemental record. Any party may nonetheless appeal from the subsequent order or judgment.

Tex. R. App. P. 27.3. Thus, although HHSC *chose* to prosecute its appeals separately, its fears about being unfairly *required* to do so appear unjustified.

HHSC also contends that the August injunction order is void because by issuing the same substantive relief as the May injunction order, the modified order interferes with HHSC's supersedeas rights in the first appeal. It is undisputed that once HHSC filed its notice of appeal, the May injunction order was automatically superseded by virtue of section 6.001 of the civil practice and remedies code.[4] *See* Tex. Civ. Prac. & Rem. Code Ann. § 6.001 (relieving state agency of obligation to file appeal bond). From HHSC's perspective, the purpose of superseding the injunction was to ensure that the injunction was not enforced while the case was on appeal. HHSC was not deprived of the benefit of any supersedeas rights, however, because the May injunction order has continuously remained superseded and was not rendered enforceable by the August injunction order. To the extent the same substantive relief was included in both orders, we observe two circumstances that refute HHSC's claim that it was effectively deprived of its supersedeas rights. First, the rules of appellate procedure provided HHSC the opportunity to include the modified order within the pending appeal, thus extending the benefits of its supersedeas protection to that order. *See* Tex. R. App. P. 27.3, 29.6. That HHSC chose to prosecute the appeal separately does not render the August injunction order violative of its supersedeas rights. Second, in the first appeal, HHSC did not assert

_____

[4] Advocates made no request to the trial court to avoid or undo this supersedeas, nor did it offer to post a bond for that purpose. *See In re Long*, 984 S.W.2d 623, 626 (Tex. 1999); *In re Dallas Area Rapid Transit*, 967 S.W.2d 358, 360 (Tex. 1998).

14

any challenges to the substantive relief granted in the May injunction order; accordingly, reissuing that relief with the procedural defects corrected could not reasonably be construed as interfering with its claims for relief in the first appeal. In light of the foregoing, we conclude that the August injunction order did not deprive HHSC of any supersedeas rights.

HHSC cites two cases to support its claim that the August injunction order is void because it impinges on duly invoked supersedeas rights—*Texas Liquor Control Bd. v. Jones*, 378 S.W.2d 898 (Tex. Civ. App.—Austin 1964, orig. proceeding), and *Railroad Comm'n of Tex. v. Roberts*, 332 S.W.2d 745 (Tex. Civ. App.—Austin 1960, orig. proceeding). Those cases, however, are distinguishable based on their procedural posture and the relevant law in place. In both cases, the trial courts had granted permanent injunctions that were superseded when appealed, but the trial courts also granted temporary injunctions to ensure that the substance of the permanent injunctions remained enforceable while the appeals were pending. In *Jones*, this Court relied on the earlier opinion in *Roberts* and held that "[w]hen final judgment was entered in this case the interlocutory injunction previously granted by the Trial Judge ceased to exist by operation of law, a result the Trial Court was powerless to prevent or resist. His attempt to do so is utterly void and of no force and effect." *Jones*, 378 S.W.2d at 902-03 (quoting and discussing *Roberts* extensively); *see also Mote Resources, Inc. v. Railroad Comm'n of Tex.*, 618 S.W.2d 877, 879-80 (Tex. Civ. App.—Austin 1981, orig. proceeding) (explaining holdings in *Jones* and *Roberts* as follows: "[O]nce the district court had rendered a final judgment, it was powerless, thereafter, to enter ancillary orders restraining the agency from acting contrary to the district court's final judgment."). Given the procedural posture of the present case, this rationale is inapplicable.

15

In addition, we note that *Jones* and *Roberts* (as well as *Mote Resources*) were decided before former Civil Procedure Rule 364 (the predecessor to TRAP Rule 24.2(a)(3)) was amended in 1984 to provide that, when a judgment is for other than money, property, or foreclosure, a trial court "may decline to permit the judgment to be suspended on filing by the plaintiff of a bond or deposit to be fixed by the court in such an amount as will secure the defendant in any loss or damage occasioned by any relief granted if it is determined on final disposition that such relief was improper." *Texas Rules of Civil Procedure–Rules Effective September 1, 1941 - : An Historical Project*, rule 364(f), http://www.stcl.edu/library/TexasRulesProject/MainIndex.htm (accessed Mar. 11, 2013) (current version at Tex. R. App. P. 24.2(a)(3)).

Based on the foregoing, we conclude that the August injunction order does not violate TRAP Rule 29.5 or HHSC's supersedeas rights.

## 2. Is the Appeal from the May Injunction Order Moot?

Having concluded that the trial court had the authority to issue the August injunction order modifying the May injunction order, we now consider whether the appeal of the May injunction order is moot. In the appeal of that order, HHSC contends the order is void because it does not comply with the bond and trial-setting requirements in Civil Procedure Rules 683 and 684. It is well established that these defects render the noncompliant injunction order void ab initio. *See, e.g.*, *Qwest Comms. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). Although Advocates contends that the appeal is moot because it was taken from a now-superseded injunction order, HHSC counters that it is entitled to a determination that the May injunction order was void ab initio, because the trial court never dissolved that order.

16

There is authority for the proposition that a subsequent order bringing a temporary injunction into compliance with the rules of civil procedure supersedes a prior defective injunction order and moots an appeal concerning those defects even if the defective injunction has not been expressly dissolved. *See Nexus Fuels, Inc. v. Hall*, No. 05-98-02147-CV, 1999 WL 993929, at *2 (Tex. App.—Dallas Nov. 1, 1999, no pet.) (not designated for publication) (noting that original temporary injunction did not comply with civil procedure rules that required trial setting but concluding that appeal from defective injunction was mooted by amended order that included trial setting); *cf. Compass Bank, N.A. v. SanJeck, LLP*, No. 05-11-00913-CV, 2012 WL 601191, at *2 (Tex. App.—Dallas Feb. 23, 2012, no pet.) (mem. op.) (holding that appeal from first temporary-injunction order was rendered moot by amended injunction that afforded appellant all relief sought on appeal as to first injunction); *Tanguy*, 259 S.W.3d at 855 (appeal from defective temporary-injunction order mooted by amended order that corrected defects and dissolved prior injunction because trial court gave appellant all relief he had requested on appeal); *Ahmed*, 99 S.W.3d at 688-91 (holding that modified temporary injunction that did not expressly dissolve or vacate previous temporary injunction "implicitly" superseded prior injunction, did not violate rules of appellate procedure, and could be considered on its merits in pending appeal from superseded injunction).

We need not decide if the first appeal is moot on that basis, however, because we conclude that the appeal is moot due to the absence of a justiciable controversy as to the validity of the May injunction order. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 166-67 (Tex. 2012) (observing that case is moot if there ceases to be "a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in

17

the outcome"). Because Advocates concedes that the May injunction order is facially invalid, there is no live controversy concerning the validity of that order, and there is no claim that the August injunction order suffers the same procedural deficiencies. We therefore dismiss HHSC's appeal of the May injunction order for want of jurisdiction.

### 3. Does the August Injunction Order Comply with Rule 683?

Texas Rule of Civil Procedure 683 states in pertinent part: "Every order granting an injunction and every restraining order shall set forth the reasons for its issuance [and] shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained . . . ." Tex. R. Civ. P. 683. The rule's requirements are mandatory and must be strictly followed. *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986). When a temporary-injunction order does not adhere to Rule 683's requirements, the injunction order is subject to being declared void and dissolved. *Id.* HHSC contends that the August injunction order is void because it does not specifically set forth the reasons why Advocates is likely to succeed on the merits of its claims for a declaratory judgment and permanent injunctive relief. We conclude that the August injunction order is sufficiently specific as to the reasons for enjoining the conduct described in parts (a) and (b), but it does not comply with Rule 683 with regard to the conduct enjoined in parts (c) and (d).

Part (a) of the injunction order enjoins conduct that is otherwise authorized by section 380.207(4) of the MTP rules. Part (b) of the injunction essentially restates the terms of the statute governing the EPSDT program—section 32.024(s)(2) of the human resources code—and enjoins conduct that would be contrary to the statutory language. Although the August injunction

order addresses probable right of recovery only broadly, there is but a singular legal theory in the pleadings concerning the validity of the challenged MTP rule—specifically, that it conflicts with state and federal laws requiring the state to provide transportation to Medicaid services for eligible recipients because it imposes a more stringent accompaniment requirement than is statutorily required to obtain EPSDT services. Likewise, Advocates requested that the trial court enjoin HHSC from applying a narrow interpretation of section 32.024 on the sole basis that such an interpretation conflicts with the statute's express language.

"[T]he obvious purpose of [Rule 683] is to adequately inform a party of what he is enjoined from doing and the reason why he is so enjoined." *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 744 (Tex. App.—Dallas 2011, no pet.) (quoting *Schulz v. Schulz*, 478 S.W.2d 239, 244-45 (Tex. Civ. App.—Dallas 1972, no writ)) (alteration in original). That purpose is satisfied with respect to parts (a) and (b) of the August injunction order because (1) there is little doubt as to the legal basis for granting relief, (2) the court fully explained the reasons why the applicants will suffer imminent, irreparable injury, and (3) the conduct enjoined is stated with specificity.

On the other hand, the legal basis for the relief provided in parts (c) and (d) of the August injunction order is not readily ascertainable by reference to the terms of the order, nor from the applications for injunctive and expanded injunctive relief. On appeal, Advocates explains that the authorization process enjoined in the modified order (1) conflicts with the transportation-authorization processes established by HHSC's existing rules 380.203 and 380.205 and was employed without formal adoption of an amended rule, (2) makes it harder for authorized Medicaid recipients to receive EPSDT services and thus is contrary to section 32.024(s)(2) of the Texas Human Resources Code, and (3) conflicts with section 531.003(2)(B) of the Texas

19

Government Code, which states that one of HHSC's goals is to provide prompt, comprehensive, and effective services to the people of Texas by "eliminating . . . programmatic and transportation barriers." Gov't Code § 531.003; Human Res. Code § 32.024(s)(2); 1 Tex. Admin. Code §§ 380.23 (2012) (Tex. Health & Human Res. Comm'n, Program Processes), .25 (2012) (Tex. Health & Human Res. Comm'n, Program Services). However, none of this authority or legal argument was presented to the trial court in Advocates' "Application for Expanded Temporary Injunction" (or any other pleading) as a legal basis for challenging the transportation-authorization process referenced in the August injunction order. Even if it had been, the sheer number of legal theories asserted would leave doubt as to the trial court's basis for concluding that Advocates had a probable right to recover. In addition to being unclear as to the legal basis supporting a right to relief, we also note that parts (c) and (d) are vague and overly broad with regard to the acts restrained and thus do not comply with the requirement that the injunction "describe in reasonable detail . . . the act or acts sought to be restrained." Tex. R. Civ. P. 683. "An injunction must be definite, clear, and concise, leaving the person enjoined no doubt about his duties, and should not be such as would call on him for interpretations, inferences or conclusions." *Vaughn v. Drennon*, 202 S.W.3d 308, 316 (Tex. App.—Tyler 2006, pet. denied). Because parts (c) and (d) of the August injunction order do not comply with rule 683's requirements, those provisions must be vacated.

### Merits of Temporary Injunctive Relief

A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Walling v. Metcalf*, 863 S.W.2d 56, 57 (Tex. 1993). The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru*

20

*v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). The status quo is "the last actual, peaceable, non-contested status which preceded the pending controversy." *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004) (quoting *Janus Films, Inc. v. City of Fort Worth*, 358 S.W.2d 589, 589 (Tex. 1962) (per curiam)). To obtain a temporary injunction, the applicant must ordinarily plead and prove three specific elements: (1) a cause of action against the defendant, (2) a probable right to the relief sought, and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204. The applicant is not required to establish that he will prevail on final trial; rather, the only question before the trial court is whether the applicant is entitled to preservation of the status quo pending trial on the merits. *Walling*, 863 S.W.2d at 58.

Our review is confined to the validity of the order that grants or denies injunctive relief. *Id.* The decision to grant or deny a temporary injunction lies in the discretion of the trial court, and the court's ruling is subject to reversal only for a clear abuse of that discretion. *Id.* This Court may neither substitute its judgment for that of the trial court nor consider the merits of the lawsuit. *Id.* We may not reverse a trial court's order if the court was presented with conflicting evidence and the record includes evidence that reasonably supports the court's decision. *Brammer v. KB Home Lone Star, L.P.*, 114 SW.3d 101, 105 (Tex. App.—Austin 2003, no pet.). Rather, we view the evidence in the light most favorable to the trial court's order, indulging every reasonable inference in its favor, and determine whether the order was so arbitrary as to exceed the bounds of reasonable discretion. *Id.* We will reverse the order if the trial court misapplies the law to established facts or if it concludes that the applicant has demonstrated a probable injury or a probable right to recover and such conclusion is not reasonably supported by the evidence. *Id.* at 106.

HHSC challenges the August injunction order on the basis that Advocates failed to establish probable, imminent, and irreparable injury and probable right to the relief sought in the underlying lawsuit. We consider these matters in turn, but only as they pertain to the relief granted in parts (a) and (b) of the August injunction order because we have already determined that parts (c) and (d) of the order must be vacated on other grounds.

1.     **Probable, Imminent, Irreparable Injury**:

"Probable injury" includes the elements of imminent harm, irreparable injury, and no adequate remedy at law. *Univ. of Tex. Med. School v. Than*, 834 S.W.2d 425, 428 (Tex. App.—Houston [1st Dist.] 1992, no writ). For purposes of a temporary injunction, an injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Butnaru*, 84 S.W.3d at 204; *see also Tex. Indus. Gas v. Phoenix Metallurgical Corp.*, 828 S.W.2d 529, 533 (Tex. App.—Houston [1st Dist.] 1992, no writ) (applicant for injunctive relief must establish that damages are incapable of calculation or party sought to be enjoined is incapable of responding in damages). "The general rule at equity is that before injunctive relief can be obtained, it must appear that there does not exist an adequate remedy at law." *Butnaru*, 84 S.W.3d at 210.

HHSC contends that there is no *direct* evidence that any child was actually deprived of EPSDT services due to the threat in the March 2012 letter that section 380.207(4) would be enforced or that a parent, guardian, or relative was required to be in attendance at the EPSDT services. While that may be true, there is sufficient evidence from which the trial court could have reasonably inferred that at least one of the plaintiff children was deprived of at least some EPSDT

22

services as a result of the threatened enforcement of the MTP accompaniment rule, that the child regressed in his progress due to a lack of therapy, that he would not be able to regularly receive EPSDT services if the MTP accompaniment rule were enforced or section 32.024(s) were narrowly construed, and that the harm from delayed or denied EPSDT services would be irreparable. *See Lozano v. Lozano*, 52 S.W.3d 141, 149 (Tex. 2001) (circumstantial evidence may be used to establish any material fact if inference is reasonable and more than mere suspicion).

At the evidentiary hearing, Mario Garza, an administrator for a pediatric rehabilitation company, testified that following the March 2012 letter, "as many as 90 percent of the children were not able to receive their therapeutic services." He also testified that, "[i]f the parents are not allowed to authorize the monitor to transport their kids back and forth and provide supervision of them at the clinic, then the vast majority of kids would not receive the therapeutic rehab services that they so desperately require." This, he said, would result in regression and deterioration in their medical condition. The regional manager of an MTP service provider similarly testified about the drastic impact of the March 2012 letter, stating that 7,742 trips had been authorized in February 2012 and 6,121 trips in March 2012, but only 2,515 trips were made in April 2012. Although there is no direct testimony linking the dramatic reduction in children receiving transportation services to the dramatic reduction in the children receiving services at Garza's facility, the trial court could have reasonably inferred a connection between the two.

These circumstances were also elaborated on by Nayeli Garza with respect to one of the individual plaintiffs, her son, John Doe B. Garza testified that John Doe B regularly received speech-therapy services prior to March 2012 and was usually accompanied by a monitor employed by the speech-therapy provider and authorized by Garza to accompany him during transportation and

23

while at therapy. However, sometime in March 2012, the transportation provider contacted her and informed her that they would not be able to pick her son up and take him to his therapy sessions. Although Garza did not provide a reason why transportation was denied, the trial court could reasonably have inferred from her testimony that it was because she was not available to accompany him. Indeed, she testified that because she was unable to accompany him herself or find relatives to assist her, there was a period of time during which her son was not able to receive speech therapy, and during that time she noticed a decline in his condition and progress. Although he later resumed speech-therapy services, all the evidence taken together is sufficient to support the trial court's finding that at least one plaintiff would probably suffer imminent, irreparable harm if the status quo were not maintained.[5]

## 2.    Probable Right of Recovery

From an examination of the cited statutes and regulations, we conclude that the statutory scheme may reasonably be subject to a construction that would be consistent with Advocates' legal challenge to the MTP rule's validity and HHSC's narrow construction of the accompaniment requirement in the EPSDT statute. In this interlocutory appeal, we cannot fairly conclude that the trial court abused its discretion in determining that Advocates met its burden to show a probable right of recovery on its claims in the underlying lawsuit.

---

[5] HHSC complains that the findings of fact in the August injunction order either exceed the scope of the evidence or are wholly unsupported by the evidence. While we share HHSC's concerns about the disparity between the evidentiary record and some of the trial court's fact findings, the unsupported findings are not essential for the injunctive relief granted and there is at least some evidence to support the relevant portions of the findings.

24

## CONCLUSION

Because there is no dispute that the May injunction order does not comply with Civil Procedure Rules 683 and 684 and is therefore void, the appeal from that order is moot. Furthermore, the procedural defects were corrected in the August injunction order, and there is no further complaint of procedural defect in that regard. Accordingly, we dismiss the appeal of cause number 03-12-00354-CV as moot. In cause number 03-12-00606-CV, we modify the August modified temporary-injunction order by vacating parts (c) and (d) due to noncompliance with Rule 683; as so modified, we affirm that order.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

03-12-00354-CV: Dismissed as Moot

03-12-00606-CV: Modified and, as Modified, Affirmed

Filed: March 26, 2013