

NUMBER 13-15-00285-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PLAINSCAPITAL BANK,                                                     Appellant,

v.

MICHAEL ROGERS,                                                          Appellee.

### On appeal from the 107th District Court
### of Cameron County, Texas.

# ORDER

**Before Chief Justice Valdez and Justices Rodriguez and Longoria**
**Order Per Curiam**

Appellant PlainsCapital Bank (the Bank) filed this interlocutory appeal from the trial court's order granting appellee Michael Rogers's request for a temporary injunction in a suit on a promissory note and deed of trust. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West, Westlaw through 2015 R.S.).  On appeal, the Bank argues that the

trial court erred when it entered a temporary injunction order that prevented the Bank from foreclosing on its security interest in collateral property, after the borrower Far Properties, L.P., allegedly defaulted on the note. The Bank contends that we should reverse the trial court and dissolve the temporary injunction because (1) Rogers does not have standing to sue on the promissory note or deed of trust; and (2) in the alternative, the temporary injunction is void because it does not "adhere to the Texas Rules of Civil Procedure." We abate and remand this matter to the trial court.

## I. BACKGROUND

### A. The Note, Deed of Trust, and Guaranty

It is undisputed that on May 26, 2006, Far Properties, L.P., a single-member limited partnership, entered into a Commercial-Variable Rate Promissory Note (the Note) for the purchase of real property (the Property) in the original principal sum of $2,250,000.00 and for the benefit of First National Bank (FNB).[1] In conjunction with the Note, Far Properties, L.P., executed a Deed of Trust Security Agreement—Financing Statement (Deed of Trust), securing the repayment of the Note with the Property that Far Properties, L.P., purchased with the funds loaned under the Note. PlainsCapital was the lender or holder of the Note and the lender on the Deed of Trust. Far Properties, L.P., was the maker of the Note and the grantor or borrower on the Deed of Trust. Rogers signed the Note and the Deed of Trust for Far Properties, L.P., in his capacity as Manager of Far Properties 3, LLC, the General Partner of Far Properties, L.P. Rogers, who testified at the temporary

---

[1] It is undisputed that PlainsCapital is the successor in interest to certain assets of FNB by way of a purchase and assumption agreement by and between the Federal Deposit Insurance Corporation, the receiver of First National Bank, and as such, PlainsCapital is the holder in due course of the Note at issue in this case and any modifications/renewals of the Note and the Deed of Trust.

injunction hearing that he was the sole owner of Far Properties, L.P., also executed an unconditional, unlimited Guaranty for the Note.

## B.    Property Posted for Foreclosure

PlainsCapital claims that because Far Properties, L.P., did not provide income tax returns, tenant listings, and rent rolls as required by the Deed of Trust, it delivered a notice of default and demand for performance dated February 10, 2015 to Far Properties, L.P. And because Far Properties, L.P., allegedly failed to cure the defaults, PlainsCapital accelerated the Note and caused the Property to be posted for foreclosure.

## C.    Rogers's Lawsuit

In response to the foreclosure posting, Rogers filed an Original Petition and Application for Temporary Restraining Order and Temporary Injunction, claiming that PlainsCapital was wrongfully foreclosing the Property under the Note and Deed of Trust. Rogers alleged that he entered into the loan with FNB and that he performed and paid the past due amounts and provided the financial information to PlainsCapital.  In his petition, Rogers asserted, among other things, that he suffered loss of use and enjoyment of the Property because of a loss to a restaurant operating on the Property—a restaurant known as La Hacienda.  On June 1, 2015, the trial court entered a temporary restraining order to restrain PlainsCapital from selling the property.

## D.    Temporary Injunction Hearing and Order

On June 11, 2015, the trial court held a hearing on Rogers's application for a temporary injunction.  At the hearing, Rogers acknowledged that Far Properties, L.P., was the borrower on the promissory note and testified that the Deed of Trust identified Far Properties, L.P., as the grantor.  In addition, Rogers testified that he signed the Note

3

and Deed of Trust as Manager of Far Properties 3, LLC, the general partner of Far Properties, L.P. But Rogers also agreed that he was the sole owner of Far Properties, L.P., which is a single-member limited partnership.[2] PlainsCapital objected that Rogers did not have standing to request a temporary injunction based on the Note and Deed of Trust because Rogers was not a party to the Note and Deed of Trust. PlainsCapital also argued at the temporary injunction hearing that Rogers was not entitled to enforce the Note or Deed of Trust even as a guaranty. After considering the evidence presented at the hearing, the parties' arguments, and PlainsCapital's objections, the trial court entered its June 17, 2015 order, finding "evidence that harm [was] imminent to [Rogers], and if the [c]ourt [did] not issue the temporary injunction, [Rogers] [would] be irreparably injured" and granting Rogers's request for a temporary injunction. PlainsCapital filed this accelerated appeal on June 29, 2015.

## E.    PlainsCapital's Counterclaim and Third-Party Petition

On July 22, 2015, during the pendency of this appeal, PlainsCapital filed its original counterclaim against Rogers, alleging breach of the Guaranty. PlainsCapital also filed a third-party petition against Far Properties, L.P., claiming breach of the Note and Deed of Trust. PlainsCapital sought foreclosure and attorney's fees.

## F.    Far Properties, L.P.'s Counterclaim

Third-party defendant Far Properties, L.P., filed its answer to PlainsCapital's petition on August 13, 2015. Far Properties, L.P., also filed a counterclaim against PlainsCapital in which it alleged that all information had been provided to PlainsCapital

---

[2] When asked if he was the sole owner of Far Properties, L.P., and if he was Far Properties, L.P., Rogers answered, "Yes, I am." Rogers also agreed that the letters of foreclosure and the earlier letters advising him that he was in default were sent to Michael Rogers.

4

and that neither it nor Rogers was in default. Far Properties, L.P., asserted that PlainsCapital "wrongly accelerated the maturity of the note knowing that the Plaintiff had complied." Far Properties, L.P., did not request injunctive relief or join Rogers in seeking the temporary injunction.

## G.    Second Amended Temporary Injunction Order

On August 17, 2015, the trial court signed a second amended temporary injunction order, enjoining PlainsCapital from instituting foreclosure proceedings on the Property. The order referenced evidence from the June 11, 2015 hearing and found that "[t]he evidence indicated [Rogers] was not only the real party in interest as the single-member of an LLC, [sic] but that he was not in default in paying the loan." The trial court also found that "[Rogers] presented evidence that the basis for the foreclosure of PlainsCapital Bank, failure to provide requested financials [was] without merit and that he did in fact provide the information requested." The trial court further found "that the harm [was] imminent" and "that the damage [was] irreparable," reasoning that "[t]he proposed foreclosure would immediately shut down a restaurant business as the summer tourist season [was] beginning, put ten to fifteen employees out of work, and terminate any income the restaurant was providing" and "[i]f the Plaintiff prevail[ed] in the lawsuit and its restaurant [was] closed down there [would be] no way to measure how much revenue was lost, or to be certain that the restaurant [could] even successfully reopen after this lawsuit [had] been concluded after what [was] to be at [sic] significant hiatus."

## II.    ABATEMENT

As set out above, the trial court signed a second amended temporary injunction order during the pendency of this appeal. *See* TEX. R. APP. P. 27.3 (authorizing appellate

5

courts to treat an appeal from the original order as an appeal from the modified order); *Tex. Health and Human Servs. Comm'n v. Advocates for Patient Access, Inc.*, 399 S.W.3d 615, 622–25 (Tex. App.—Austin 2013, no pet.). In its August 17 order, the trial court again enjoined PlainsCapital from instituting foreclosure proceedings on the Property, relied on evidence from the June 11, 2015 hearing, and made a number of findings. But at the time the trial court entered its amended temporary injunction order, PlainsCapital had filed a third-party petition, making Far Properties, L.P., a third-party defendant. And, in response, Far Properties, L.P., had filed a counterclaim against PlainsCapital, alleging the same wrongful foreclosure claim that Rogers alleged. It was after the parties filed these pleadings that the trial court amended its temporary injunction order for the second time. In other words, when the trial court entered its second amended temporary injunction order, Far Properties, L.P., was a party to the suit. And while we note that Far Properties, L.P., had requested no injunctive relief at the time the trial court entered its second amended temporary injunction order, the trial court referred to the plaintiff as both "he" and "it."

Now, on appeal, Rogers claims that his standing to pursue an injunction to enjoin the foreclosure is no longer an issue before the trial court because Far Properties, L.P., is now a party to the lawsuit. Rogers claims that his standing need not be decided in order for the suit to proceed. *See Int'l Paper Co. v. Harris County*, 445 S.W.3d 379, 384–85 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (explaining that subsequent actions by one or both of the parties can in fact moot an appeal).

Accordingly, we ABATE the appeal and REMAND the cause to the trial court for clarification of its temporary injunction order in light of Far Properties, L.P., being a party

6

to the lawsuit and in light of any new applications for temporary injunction that have been filed.[3]  Upon remand, the trial court shall address, among other things, whether the standing issue is now moot.  The trial court shall cause its findings and recommendations, together with any newly filed pleadings, applications, or other documents that are relevant to this matter and any subsequent orders or amended orders, to be included in a supplemental clerk's record.  Also, the trial court shall cause a supplemental reporter's record of any proceedings, including any further temporary injunction hearings, to be prepared.  The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.  We will reinstate the appeal upon receipt of the foregoing materials and upon order of this Court.  Once reinstated, we will resubmit the appeal for further consideration.  At that time, we will request supplemental briefing, if any is necessary, and set a briefing schedule.

PER CURIAM

Delivered and filed the
2nd day of December, 2015.

---

[3] Because we have abated the appeal, the original submission date of November 19, 2015 has been withdrawn.

7