COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| FLAMINGO PERMIAN OIL & GAS, L.L.C., FLAMINGO OPERATING, L.L.C., and OMAR MINHAJ, | § | No. 08-18-00027-CV |
| Appellants, | § | Appeal from the |
| | § | 83rd District Court |
| v. | § | of Pecos County, Texas |
| STAR EXPLORATION, L.L.C, | § | (TC# P-7720-83-CV) |
| Appellee. | § | |
| | § | |

# O P I N I O N

In this interlocutory appeal, Flamingo Permian Oil & Gas, L.L.C.; Flamingo Operating, L.L.C.; and Omar Minhaj (collectively Flamingo) challenge a temporary injunction issued in favor of Star Exploration, L.L.C. We dismiss Flamingo's first three appellate points and affirm the judgment of the trial court.

## BACKGROUND

Star Exploration and Flamingo are part of a joint operating agreement (JOA) with respect to certain oil and gas leases located in Pecos County. Under the JOA, Flamingo served as operator and Star Exploration was the majority non-operating interest holder. The JOA gave Star Exploration as the majority non-operating interest holder the ability to call a vote to remove an

operator for violating the JOA. The majority interest vote of non-operators determines whether an operator is retained or removed. The operator may not participate in the vote.

On January 24, 2018, Star Exploration called a meeting to vote on the removal of Flamingo as operator. Omar Minhaj was in attendance at the meeting on behalf of Flamingo. The members voted (1) to remove Flamingo as operator due to alleged violations of the JOA for, among other things, allowing liens to be placed on the property, and (2) to install Star Exploration as operator.

Thereafter, Flamingo sued Star Exploration and others. Star Exploration countersued the Flamingo entities and Minhaj as a third-party defendant, then filed an application for injunctive relief. Star Exploration asked for Flamingo to be enjoined and restrained from: (1) refusing to join in the immediate execution and delivery of a proper joint Form P-4 designating Star Exploration as the Operator for the leasehold; (2) interfering, opposing, preventing, or refusing to cooperate with the efforts of Star Exploration to obtain approval from the Texas Railroad Commission of Form P-4 designating Star Exploration as operator; (3) further operating or performing operations on the leaseholds following execution and delivery of the joint Form P-4; (4) interfering, opposing, preventing, or refusing to cooperate with Star Exploration's operation of the leasehold once Star Exploration secured Texas Railroad Commission approval of the Form P-4; and (5) refusing to deliver to Star Exploration upon Texas Railroad Commission approval of Form P-4 operator status of well files, records, data, and all other documentation relating to the previous operation of or necessary to continue to operate the leasehold.

At the temporary injunction hearing, Star Exploration called Howard Gaddis as a witness. Gaddis testified generally as to the existence and terms of the joint operating agreement between Flamingo and Star Exploration, as well as liens and judgments in Pecos, Harris, and Midland counties that either encumbered the property outright or placed the property in jeopardy. Flamingo

appeared through counsel and did not call any witnesses. Following the hearing, the trial court issued an order of February 8, 2018, granting Star Exploration's request for temporary injunctive relief (the February 8 Order). The February 8 Order did not set a date for trial, nor did it require Star Exploration to post a bond. Flamingo filed its notice of appeal of this order on February 20, 2018.

While the interlocutory appeal of the February 8 Order was pending in this Court, the trial court issued a corrected order on March 7, 2018, that set a $50,000 bond, but that did not set a date for trial (the March 7 Order). After briefs for Flamingo and Star Exploration were filed in this Court, the trial court issued a second corrected order on July 12, 2018, that granted the same temporary injunctive relief previously requested, set a $50,000 bond, and set a date for trial (the July 12 Order).

We now address the merits of Flamingo's interlocutory appeal.

## DISCUSSION

In four issues on appeal, Flamingo attacks the various orders' validity on formal and substantive grounds. We will begin with Flamingo's objections as to form.

### *Formal Defects*

In Issues One and Two, Flamingo contends that the February 8, 2018, order granting temporary injunctive relief was void because it (1) failed to include an order setting the cause for trial on the merits, and (2) failed to fix the amount of the security to be paid by Star Exploration as required by the Texas Rules of Civil Procedure. In Issue Three, Flamingo also contends that the March 7, 2018, corrected order was void because it failed to include an order setting the cause for trial on the merits.

These issues are all moot.

The appellate record here shows that both the February 8 Order and the March 7 Order were superseded by the July 12 Order. It is undisputed that the July 12 Order, which appears in this appellate record and which was issued while this appeal was pending, sets a date for trial on the merits and fixes the amount of security to be paid by Star Exploration. All complained of formal defects have been corrected.

Issues One, Two, and Three are dismissed as moot.

### *Probable, Imminent, and Irreparable Injury*

Although the July 12 Order mooted all of Flamingo's challenges to the form of the temporary injunction, the July 12 Order did not moot Flamingo's challenge to the merits of the February 8 and March 7 Orders, since the substantive relief granted by the original and two subsequent corrected orders was the same. *See* TEX.R.APP.P. 27.3 (if trial court modifies order that has been appealed, appellate court must treat appeal as from the subsequent order and may treat actions relating to the appeal of the first order as relating to the appeal of the subsequent order); *see also Tex. Health & Human Servs. Comm'n v. Advocates for Patient Access, Inc.*, 399 S.W.3d 615, 625 (Tex.App.—Austin 2013, no pet.).

In Issue Four, Flamingo argues that both the February 8 and March 7 Orders were improper on the merits because Star Exploration did not show it would suffer a probable, imminent, and irreparable injury. Specifically, Flamingo maintains that the injury Star Exploration alleges is not "irreparable" because even if Star Exploration's claims are true, any harm can be remedied by money damages.

We review the trial court's decision to grant or deny an injunction for abuse of discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Id.* To

4

obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id*. An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Id*.

Star Exploration asserts that injunctive relief is proper and that damages are an inadequate remedy in the event the property is lost because the value of the minerals present on the leasehold asset and the projected recovery in years to come is speculative. We are not sure this is enough to meet the standard, and Star Exploration has not cited case law suggesting that the speculative nature of mineral valuation definitively prevents quantification of damages such that injunctive relief is warranted on that basis alone. Still, even if damages could be quantified, we believe that Star Exploration has shown a likelihood that Star Exploration is unable to pay damages, which would justify the grant of injunctive relief. *See Bankler v. Vale*, 75 S.W.3d 29, 39 (Tex.App.—San Antonio 2001, no pet.)(no adequate remedy at law for plaintiff where defendant cannot pay damages). Star Exploration presented evidence at the hearing that Flamingo repeatedly failed to pay debts, allowed liens to accrue against the property in violation of the JOA, and did not participate in legal proceedings such that several default judgments had been taken against Flamingo. Flamingo did not offer any evidence to the contrary, nor did Flamingo challenge the trial court's fact-findings related to these issues. This evidence supports the rational inference that Flamingo cannot pay damages. In light of this and the other evidence in the record, we cannot say that the trial court abused its discretion in issuing the temporary injunction.

Issue Four is overruled.

## CONCLUCION

Issues One through Three are dismissed as moot.  Issue Four presents no reversible error.

The judgment of the trial court is affirmed.


February 28, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.