

# NUMBER 13-19-00196-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

AHTNA SUPPORT & TRAINING
SERVICES, LLC,                                                    Appellant,

**v.**

ASSET PROTECTION & SECURITY
SERVICES, LP,                                                     Appellee.

## On appeal from the 357th District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Tijerina
Memorandum Opinion by Justice Perkes**

Appellant, Ahtna Support & Training Services, LLC (Ahtna), brings this

interlocutory appeal from the trial court's temporary injunction order in favor of appellee,

Asset Protection & Security Services, LP (Asset). *See* TEX. CIV. PRAC. & REM. CODE

§ 51.014(a)(4) (allowing interlocutory appeal from an order granting a temporary injunction). By two issues, Ahtna argues that the trial court erred (1) "in not taking evidence at the temporary injunction hearing" and (2) by granting a temporary injunction "when the evidence in the record does not reasonably support the findings in the temporary injunction order of probable injury or probable right of recovery." We affirm.

## I.  BACKGROUND

This matter concerns a contract dispute between Asset and Ahtna. In early 2015, the Department of Homeland Security (DHS) awarded Ahtna a prime contract to provide guard and transportation services at a government detention center located in Los Fresnos, Texas. On March 30, 2015, Ahtna subcontracted with Asset for a seven-year term to provide staff for services required under Ahtna's prime contract. The two companies operated without issue until late 2018.

In October 2018, Ahtna contacted Asset to communicate an inquiry submitted by DHS concerning a payroll discrepancy involving a single Asset employee. Neither party disputes that upon notice, Asset rectified the payroll "clerical error." Ahtna claims it then "became concerned that Asset was improperly paying its employees under other Government contracts for similar services to those it was providing at the [subcontracted facility]," and any financial impropriety by Asset "exposed [Ahtna] to unfavorable consequences under the Prime Contract with the Government and potentially under the False Claims Act."

On December 20, 2018, Ahtna sent Asset a written request, titled "Notice to Cure," demanding "documentation and proof that all health and welfare monies owed to all Asset probationary employees for any government contract that Asset has performed on for the last 10 years have been paid." Asset responded on December 21st, asking that Ahtna

2

(1) "specify the contractual provision or regulation that authorized its request"; and (2) "tailor its request consistent with the . . . Subcontract." Asset also invoked the subcontract's "Disputes" clause in an attempt to resolve the matter.[1]

On January 11, 2019, Ahtna issued a notice of subcontract termination, effective January 26, 2019.[2] As just cause for termination, Ahtna cited "Asset's conscious choice to ignore [Ahtna's] request and avoid verification of proper payroll practices."

On January 22, 2019, Asset filed suit against Ahtna, asserting two causes of action: a breach-of-contract claim and a request for a declaratory judgment under the Texas Civil Practices and Remedies Code.[3] Asset sought to enjoin Ahtna from "wrongfully attempting to terminate its subcontract" with Asset, submitting its request for a temporary restraining order and application for a temporary injunction.[4] On March 21, 2019, Ahtna filed its original answer and counterclaim for breach of contract against Asset.

---

[1] Asset's written response to Ahtna reads, in part, as follows:

Asset hereby invokes the "Disputes Clause" (paragraph 7 of the Subcontract) as our position on this matter is that [Ahtna] does not have either contractual authority or statutory authority to make these demands beyond the confines of the Subcontract period[]. Per paragraph 7 of the Subcontract, we propose that the appropriate forum for resolution of this dispute be a discussion between your legal representatives and our legal representatives. Per the Disputes Clause, should this forum either be rejected or fail to resolve the issue, then any further action to resolve the issue of your authority would be a matter for the Courts of Texas.

[2] There is nothing in the record indicating that, apart from its "Notice to Cure" letter, Ahtna sought mediation of the matter, pursuant to Asset's request, prior to issuing the notice to terminate. In deposition testimony read into the record at a later held temporary injunction hearing, Ahtna President Victoria Dunlap could not "recall" whether Ahtna tried to negotiate alternatives to termination prior to issuing the notice.

[3] Asset alleges Ahtna's notification of termination and subsequent termination defies the subcontract terms and was executed in retaliation after Asset, acting as the prime contractor in a separate out-of-state contract, notified its subcontractor, an Ahtna affiliate, that it would not be renewing its subcontract.

[4] The lawsuit was removed to federal court on January 28, 2019. On March 8, 2019, the federal court remanded the lawsuit for want of jurisdiction.

On April 11, 2019, the trial court conducted an evidentiary hearing on Asset's application for a temporary injunction. After hearing arguments from counsel and without receiving any evidence on the record, the trial court issued a temporary injunction order in favor of Asset. The order prohibited Ahtna from: "[c]laiming to [federal agents], Asset's employees, or any third party that Asset has been removed or terminated from the Subcontract on any of the grounds stated in [Ahtna's] January 11, 2019 termination notice . . . "; and "[t]erminating or attempting to terminate the Subcontract between Asset and [Ahtna] on the grounds stated in [Ahtna's] January 11, 2019 termination notice . . . ."

Ahtna timely perfected its interlocutory appeal of the trial court's temporary injunction order. While the appellate case remained pending, Asset filed a "Motion to Reopen Hearing on Application for Temporary Injunction and Modify Temporary Injunction."

On May 16, 2019, the trial court granted Asset's motion and conducted a supplemental hearing, wherein Asset admitted several exhibits, including the parties' subcontract agreement and emails, letters, and faxes sent between the two parties, detailing the deterioration of the parties' professional relationship. Additionally, Asset put forth one witness, its president and chief executive officer, Charles Scott Mandel.

Mandel testified that Asset currently employs 200 individuals at the facility under the subcontract. Mandel stated that Asset "gave [Ahtna] everything they asked [for]" pertaining to the facility to address Ahtna's complained-of concerns. Asset did not deliver, however, information which predated its contract with Ahtna or information pertaining to other governmental contracts. According to Mandel, Ahtna's request and termination notice contravened the subcontract's terms, and Ahtna's unsubstantiated allegations "that Asset was 'likely not conducting its business in accordance with local, state, and federal

4

laws'" has affected Asset's reputation and diminished its likelihood of receiving future bids from the federal government. At the conclusion of the evidentiary hearing, the trial court issued its "Amended Order Granting Temporary Injunction."[5]

## II.    TEMPORARY INJUNCTION

Ahtna's two arguments on appeal relate to the trial court's undisputed erroneous issuance of the initial temporary injunction order. Asset counters that following the trial court's subsequent hearing and amended order, any complained-of errors have been cured and Ahtna's arguments are now moot.

### A.    Standard of Review

A temporary injunction hearing allows the trial court to determine whether the party seeking temporary injunctive relief is entitled to "preserve the status quo of the litigation's subject matter pending a trial on the merits." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). To obtain temporary injunctive relief, "the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Id.* Should a trial court grant an injunction, Rule 683 of the Texas Rules of Civil Procedure dictates that the order "shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained[.]" TEX. R. CIV. P. 683.

We review a trial court's decision to grant or deny an application for temporary injunction for abuse of discretion. *Butnaru*, 84 S.W.3d at 211; *Super Starr Int'l, LLC v.*

---

[5] Although Ahtna submitted an amended brief on May 20, 2019, four days after the trial court's amended temporary injunction order, Ahtna's brief makes no mention of the trial court's amended order or second temporary injunction hearing.

*Fresh Tex Produce, LLC*, 531 S.W.3d 829, 838 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). It is an abuse of discretion when the trial court acts "arbitrarily and unreasonably, without reference to guiding rules or principles, or misappl[ies] the law to the established facts of the case." *Bay Fin. Savs. Bank, FSB v. Brown*, 142 S.W.3d 586, 589 (Tex. App.—Texarkana 2004, no pet.) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). It is not an abuse of discretion "if some evidence reasonably supports the trial court's decision." *Butnaru*, 84 S.W.3d at 211.

## B.    Modification

If, after an appeal has been perfected, a trial court modifies the appealed-of order, the reviewing court "must treat the appeal as from the subsequent order or judgment and may treat actions relating to the appeal of the first order or judgment as relating to the appeal of the subsequent order or judgment." TEX. R. APP. P. 27.3; *see also Flamingo Permian Oil & Gas, L.L.C. v. Star Expl., L.L.C.*, 569 S.W.3d 329, 332 (Tex. App.—El Paso 2019, no pet.); *Parker v. Schlumberger Tech. Corp.*, 475 S.W.3d 914, 926 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Tex. Health & Human Servs. Comm'n v. Advocates for Patient Access, Inc.*, 399 S.W.3d 615, 625 (Tex. App.—Austin 2013, no pet.). Where the complained-of defects of an initial order are remedied in the issuance of a subsequent order, the initial complaints become moot. *Flamingo*, 569 S.W.3d at 331 (dismissing as moot three issues rectified by the issuance of a subsequent order executed while the appeal was pending); *see also Smith v. Smith,* 681 S.W.2d 793, 797 (Tex. App.—Houston [14th Dist.] 1984, no writ).

The appellate record here indicates that the April temporary injunction order was superseded by the amended order. Moreover, prior to the issuance of the amended order in May, the trial court held a proper evidentiary hearing. Therefore, Ahtna's complained-

6

of first issue—that the trial court failed to hear any evidence prior to issuing its ruling[6]—

has since been corrected. *See Flamingo*, 569 S.W.3d at 332; *Advocates for Patient*

*Access, Inc.*, 399 S.W.3d at 625; *see also Compass Bank, N.A. v. SanJeck, LLP*, No. 05-

11-00913-CV, 2012 WL 601191, at *2 (Tex. App.—Dallas Feb. 23, 2012, no pet.) (mem.

op.). Ahtna's first issue is overruled.

Ahtna's second issue similarly argues that the trial court improperly relied on

Asset's pleadings as evidence in its issuance of the temporary injunction:

> Since no testimony or documentary evidence was presented at the temporary injunction hearing, there was no basis for the trial court to make the findings and conclusions set out in its temporary injunction order. This is an abuse of discretion that warrants the temporary injunction being declared void and dissolved.

However, at the subsequent hearing, Asset brought forth evidence in support of its

application via multiple exhibits and a live witness,[7] the trial court considered said

evidence, Ahtna does not challenge this evidence, and only "some evidence" is required

to "support[] the trial court's decision." *See Butnaru*, 84 S.W.3d at 211. Accordingly, the

trial court did not abuse its discretion by granting Asset's application for a temporary

injunction.[8] *See id.* Ahtna's second argument is overruled.

---

[6] No temporary injunction may issue unless the applicant offers competent evidence in support of his application at the temporary injunction hearing. *Millwrights Local Union No. 2484 v. Rust Eng'g Co.*, 433 S.W.2d 683, 686–87 (Tex. 1968); *see also In re Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 204 (Tex. 2002) (noting temporary injunctions require more stringent proof requirements than temporary restraining orders that can issue on sworn pleadings); *Shamoun & Norman, LLP v. Yarto Intern. Group, LP*, 398 S.W.3d 272, 282 (Tex. App.—Corpus Christi–Edinburg 2012, pet. dism'd); *Bay Fin. Sav. Bank, FSB v. Brown*, 142 S.W.3d 586, 589–90 (Tex. App.—Texarkana 2004, no pet.).

[7] Mandel specifically testified to Asset's two causes of action, its right to relief sought, and the irreparable injury the company would face should an injunction not issue. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

[8] We additionally note that an unchallenged independent basis supports the trial court's complained of order, and "we must accept the validity of that unchallenged independent ground, and thus any error in the grounds challenged on appeal is harmless because the unchallenged independent ground fully supports the complained-of ruling or judgment." *Hartwell v. Lone Star, PCA*, 528 S.W.3d 750, 763

7

### III.     CONCLUSION

The trial court's judgment is affirmed.

GREGORY T. PERKES
Justice

Delivered and filed the
9th day of April, 2020.

---

(Tex. App.—Texarkana 2017, pet. dism'd) (quoting *Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 424 (Tex. App.—Dallas 2009, no pet.)). The trial court's written findings in the temporary injunction support a conclusion that Asset had shown a cause of action for breach of contract and a declaratory judgment action, and Asset has shown a probable right of recovery on those claims. Since this ground has not been challenged and fully supports the trial court's order, Ahtna has not shown harmful error related to these elements. *See id.*