

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00138-CV

John S. **ROBISON** and Gov Whiz, Inc.,
Appellants

v.

Mark E. **WATSON**, Jr.,
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-14350
Honorable Monique Diaz, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: May 26, 2021

REVERSED AND REMANDED IN PART; DISMISSED FOR LACK OF JURISDICTION IN PART

In this restricted appeal, John S. Robison and Gov Whiz, Inc. attempt to challenge two turnover orders. As to the first turnover order, we conclude all of the prerequisites for a restricted appeal are satisfied and error exists on the face of the record. Therefore, we reverse the first turnover order and remand the case to the trial court for further proceedings. As to the second turnover order, we conclude Robison and Gov Whiz did not invoke our jurisdiction because they failed to timely file a notice of appeal. Therefore, the part of the appeal challenging the second turnover order is dismissed for lack of jurisdiction.

## BACKGROUND

On October 16, 2019, the trial court signed a corrected final judgment in the amount of $410,494.00 against Robison and Gov Whiz, jointly and severally, and in favor of Mark E. Watson, Jr.[1] On October 24, 2019, Watson filed a motion for aid in collection of the judgment under the Texas turnover statute. On the same day, the trial court signed an order granting the motion and appointing a receiver. In the October 24, 2019 turnover order, the trial court ordered Robison and Gov Whiz to turn over to the receiver various assets, including all funds or other assets held in accounts in which Robison and Gov Whiz had an interest; all monies or other consideration which Robison and Gov Whiz may be receiving from any source; all shares of stock in any company in which Robison and Gov Whiz may have an interest; and tangible assets belonging to Robison and Gov Whiz, such as vehicles, boats, airplanes, or other means of transportation. Robison and Gov Whiz did not appear at the hearing or otherwise participate in this proceeding.

On January 31, 2020, the receiver and Watson jointly filed two additional motions: (1) a motion to enforce the first turnover order, and (2) a supplemental motion for aid in collection of the judgment. On March 5, 2020, the trial court held a hearing on these motions, at which Robison and Gov Whiz appeared through counsel. The same day, the trial court signed two orders: (1) an order granting the motion to enforce the October 24, 2019 turnover order; and (2) an order granting the supplemental motion for aid in collection of the judgment. In the latter order, the trial court ordered Robison and Gov Whiz to turn over to the receiver "by transfer, conveyance, assignment or delivery of title, as necessary, any and all causes of action and claims belonging to [Robison and Gov Whiz]."

---

[1]The original final judgment was signed on October 8, 2019.

The day before the trial court signed the orders granting the motion to enforce and the supplemental motion for aid in collection of the judgment, on March 4, 2020, Robison and Gov Whiz filed a notice of restricted appeal, challenging the October 24, 2019 turnover order ("the first turnover order"). On March 23, 2020, Robison and Gov Whiz filed an amended notice of restricted appeal, certifying service on the responsible court reporter.[2] Robison and Gov Whiz did not file a notice of appeal challenging the March 5, 2020 order granting the supplemental motion for aid in collection of the judgment ("the second turnover order").

## THE TURNOVER STATUTE

"The Texas turnover statute provides judgment creditors with a procedural device to assist them in satisfying their judgment debts." *Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chemical Co., L.P.*, 540 S.W.3d 577, 581 (Tex. 2018). The statute allows a judgment creditor to apply to a court for assistance in satisfying a judgment through reaching a judgment debtor's property. TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a). Specifically, section 31.002(a) provides:

> A judgment creditor is entitled to aid from a court of appropriate jurisdiction, including a justice court, through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

*Id.* The turnover statute also allows a court to appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment. *Id.* § 31.002(b)(3). The purpose of a turnover action is to determine if an asset is in the possession of a judgment debtor or subject to his control. *Beaumont*

---

[2]This amended notice of appeal was filed after the clerk of this court notified Robison and Gov Whiz that they were required to certify proper service on the responsible court reporter in their notice of appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.017(a).

*Bank, N.A. v. Buller*, 806 S.W.2d 223, 227 (Tex. 1991); *Black v. Shor*, 443 S.W.3d 170, 174-75 (Tex. App—Corpus Christi-Edinburg 2013, no pet.). "[T]he turnover statute itself does not require notice and a hearing prior to issuance of a turnover order." *In re Marriage of Tyeskie*, 558 S.W.3d 719, 725 (Tex. App.—Texarkana 2018, pet. denied); TEX. CIV. PRAC. & REM. CODE ANN. § 31.002.

## INVOKING OUR APPELLATE JURISDICTION

"A timely notice of appeal is necessary to invoke this court's jurisdiction." *In re L.R.S.*, No. 04-20-00507-CV, 2020 WL 7365444, at *1 (Tex. App.—San Antonio Dec. 16, 2020, no pet.) (mem. op.). Generally, only final judgments are appealable. *Alexander Dubose*, 540 S.W.3d at 581. "[A] judgment's finality determines whether an appellant invoked a court's appellate jurisdiction by timely filing a notice of appeal." *Id*. at 581-82. Turnover orders must be final and timely appealed to successfully confer appellate jurisdiction. *Id*. at 582.

"[W]hat qualifies as 'final' in the turnover context necessarily diverges from the more traditional concept of finality." *Id*. at 582. "Unlike plenary power, which generally only lasts for thirty days after final judgment, a trial court's post-judgment enforcement powers can last until the judgment is satisfied." *Id*. at 581 (internal quotation marks omitted). Thus, a trial court may render multiple turnover orders, each of which could be a final, appealable judgment. *Black*, 443 S.W.3d at 176; *Bahar v. Lyon Fin. Servs.*, 330 S.W.3d 379, 387 (Tex. App.—Austin 2010, pet. denied). A turnover order that acts as a mandatory injunction qualifies as a final, appealable judgment. *Alexander Dubose*, 540 S.W.3d at 582; *Schulz v. Fifth Judicial Dist. Court of Appeals*, 810 S.W.2d 738, 740 (Tex. 1991), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114, 124-25 (Tex. 2004), (holding that a turnover order in the nature of a mandatory injunction was final and appealable).

In this case, both the first and second turnover orders are in the nature of a mandatory injunction because they order Robison and Gov Whiz to take some affirmative action. The first turnover order directs Robison and Gov Whiz to "immediately turnover" to the receiver various property, such as "funds or other assets" held in accounts and "all right, title, and interest in" "non-exempt tangible assets." The second turnover order directs Robison and Gov Whiz to turn over to the receiver "by transfer, conveyance, assignment or delivery of title" "any and all causes of action and claims belonging to [them]…." Thus, each turnover order in this case is in the nature of a mandatory injunction and, therefore, each turnover order is a final, appealable judgment. *See Alexander Dubose*, 540 S.W.3d at 587-88 (holding that an order directing judgment debtor to deliver funds to judgment creditor was a turnover order in the nature of a mandatory injunction, but an order directing judgment debtor to deposit funds into the court registry pending an adjudication of ownership was not); *Fisher v. Ramsey*, No. 01-14-00743-CV, 2016 WL 93512, at *3 (Tex. App.—Houston [1st Dist.] Jan. 7, 2016, no pet.) (mem. op.) (recognizing that an order authorizing receiver to take possession of property without directing judgment debtor to take any action could not be read as an injunction and thus it was not a final and appealable turnover order).

Having determined that each turnover order is a final, appealable judgment, we must determine if Robison and Gov Whiz invoked this court's jurisdiction over each turnover order by filing a timely notice of appeal. *See In re L.R.S.*, 2020 WL 7365444, at *1 (stating that a timely notice of appeal is necessary to invoke the appellate court's jurisdiction). "One important consequence of deeming [a] turnover order a final judgment is to subject it to the deadlines for perfecting [an] appeal contained in Texas Rule of Appellate Procedure 26.1" and "to the accompanying jurisdictional analysis should a timely appeal not be filed." *Bahar*, 330 S.W.3d at 386.

*The First Turnover Order*

Texas Rule of Appellate Procedure 26.1(c) provides that in a restricted appeal, the notice of appeal must be filed within six months after the judgment is signed. TEX. R. APP. P. 26.1(c). Here, the first turnover order was signed on October 24, 2019. Robison and Gov Whiz filed their notice of restricted appeal on March 4, 2020, which was within six months of the first turnover order. Therefore, Robison and Gov Whiz's notice of restricted appeal challenging the first turnover order was timely filed. *See id*.

*The Second Turnover Order*

The second turnover order was signed on March 5, 2020, and no post-judgment plenary-power extending motion or request for findings of fact and conclusions of law was filed.[3] *See* TEX. R. APP. P. 26.1(a). Therefore, Robison and Gov Whiz's notice of appeal was due on or before April 6, 2020. *See* TEX. R. APP. P. 26.1; 4.1(a) (stating that when the last day of a designated period falls on a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday). However, Robison and Gov Whiz did not file a notice of appeal challenging the second turnover order.

In their reply brief, Robison and Gov Whiz ask us to construe their opening brief, filed on June 5, 2020, as a notice of appeal for the second turnover order. Even if we were to construe Robison and Gov Whiz's opening brief as a notice of appeal, the notice would not invoke this court's jurisdiction because it was untimely.

Robison and Gov Whiz acknowledge their opening brief, even if construed as a notice of appeal, would be untimely under Rule 26.1 of the Texas Rules of Appellate Procedure. They ask

---

[3]Robison and Gov Whiz cannot satisfy the prerequisites for a restricted appeal because they participated in the hearing that resulted in the second turnover order. *See* TEX. R. APP. P. 30 (stating that a notice of restricted appeal may only be filed by a party who did not participate in the hearing that resulted in the judgment).

us to apply the Texas Supreme Court's Covid-19 emergency orders to extend the deadline for filing their notice of appeal. We deny this request for two reasons.

First, Robison and Gov Whiz neglected to file a motion requesting an extension of the deadline to file their notice of appeal. *See N. Central Baptist Hosp. v. Chavez*, No. 04-20-00590-CV, 2021 WL 983351, at *2 (Tex. App.—San Antonio Mar. 17, 2021, no pet.) (mem. op.) (providing that under the Covid-19 emergency orders, an appellant must file a motion requesting an extension of the notice of appeal deadline when filing a notice of appeal more than fifteen days after the deadline). Second, even if we were to construe Robison and Gov Whiz's opening brief as a motion requesting an extension of the deadline to file a notice of appeal, the argument contained therein is inadequate to support an extension under the emergency orders. In their brief, Robison and Gov Whiz only state that Covid-19 had "an enormous effect" on their attorney's practice and no support staff had worked in their attorney's law office since the City of San Antonio issued its stay-at-home order in March 2020. Appellate courts, including this court, have rejected such generalized arguments. *See Chavez*, 2021 WL 983351, at *2 (refusing to extend the notice of appeal deadline when the appellant vaguely argued that the deadline should be extended because of confusion in the trial court resulting from the Covid-19 pandemic); *Jones v. White*, No. 02-20-00198-CV, 2020 WL 5666564, at *1 (Tex. App.—Fort Worth Sept. 24, 2020, no pet.) (mem. op.) ("[T]he fact of the pandemic, standing alone, is not a reasonable explanation for a missed appellate deadline."); *Carrigan v. Edwards*, No. 13-20-00093-CV, 2020 WL 6504418, at *2 (Tex. App.—Corpus Christi-Edinburg Nov. 5, 2020, pet. denied) (mem. op.) ("[T]he pandemic conditions do not generate a blanket excuse which can be used to extend deadlines indefinitely, especially in the absence of any specific explanation for why such extensions are warranted."); *see also Griffin v. Via Metro. Transit*, No. 04-21-00032-CV, 2021 WL 883470, at *1 (Tex. App.—San Antonio Mar. 10, 2021, pet. denied) (mem. op.) (assuming without deciding that Covid-19 emergency orders

grant this court discretion to extend the deadline for filing a notice of appeal but declining to do so when the appellant failed to provide a reasonable explanation for the lengthy delay in filing his notice of appeal).

Because Robison and Gov Whiz did not file a timely notice of appeal challenging the second turnover order, they did not invoke our appellate jurisdiction over this order. As a result, the part of this appeal challenging the second turnover order must be dismissed for lack of jurisdiction. *See In re Estate of Hastings*, No. 07-16-00053-CV, 2017 WL 1151936, at *2 (Tex. App.—Amarillo May 3, 2017, no pet.) (mem. op.) ("Should a notice purporting to appeal from the turnover order not be filed, then we lack the jurisdiction to consider disputes relating to it."). Accordingly, the part of the appeal challenging the second turnover order is dismissed for lack of jurisdiction.

## MOOTNESS

Next, we address Watson's argument that this appeal should be dismissed because it is moot. This argument is premised on Watson's assertion that the first turnover order was amended and superseded by one of the trial court's March 5, 2020 orders, the order entitled "Order on Motion to Enforce and Compel." According to Watson, the "Order on Motion to Enforce and Compel" incorporated the entire first turnover order by reference and added other terms.

An examination of the "Order on Motion to Enforce and Compel" shows that it does not amend and supersede the first turnover order. To the contrary, the "Order on Motion to Enforce and Compel" merely disposes of the motion to enforce and compel. The "Order on Motion to Enforce and Compel" recites that the trial court considered the motion to enforce the first turnover order and that "Robison and [Gov Whiz] have entirely failed to comply with or respond to the turnover order in any way." The order then sets explicit deadlines for Robison and Gov Whiz to turn over the property described in the first turnover order and attaches the first turnover order to

it as an exhibit. The order also awards Watson reasonable attorney's fees for preparing and presenting the motion to enforce and compel. Nothing in the "Order on Motion to Enforce and Compel" states that it amends and supersedes the first turnover order. Considering the substance of the "Order on Motion to Enforce and Compel," we reject Watson's argument that it amends and supersedes the first turnover order.[4] *See Liptak v. Richard E. Colgin I, Ltd.*, No. 05-99-00583-CV, 2002 WL 1263981, at *4 (Tex. App.—Dallas June 7, 2002, pet. denied) (concluding that a sanctions order rendered after a final judgment did not effectively vacate that final judgment when there was nothing in the order to indicate an intent to vacate the final judgment and the order was entered pursuant to a motion for sanctions involving a party's post-judgment conduct). The first turnover order, signed on October 24, 2019, was not amended and superseded and therefore remains in effect. We conclude Robison and Gov Whiz's appeal challenging the first turnover order is not moot.

However, even if the first turnover order had been amended and superseded by the "Order on Motion to Enforce and Compel," it would not render this appeal moot. The Texas Rules of Appellate Procedure provide that after a judgment has been appealed, if a trial court vacates the judgment and replaces it with another judgment, we must treat the appeal as from the subsequent order or judgment. *See* TEX. R. APP. P. 27.3 ("After an order or judgment in a civil case has been appealed, if the trial court modifies the order or judgment, or if the trial court vacates the order or judgment and replaces it with another appealable order or judgment, the appellate court must treat the appeal as from the subsequent order or judgment…."); *Flamingo Permian Oil & Gas, L.L.C. v. Star Exploration, L.L.C.*, 569 S.W.3d 329, 331-32 (Tex. App.—El Paso 2019, no pet.)

---

[4]Notably, the other order signed by the trial court on March 5, 2020, titled "Order Granting Supplemental Motion … for Aid in Collection of Judgement," expressly states that this order "is in supplementation, not replacement, of the [c]ourt's prior [t]urnover [o]rder dated October 24, 2019."

(concluding that corrected orders issued after an appeal was perfected did not moot an appeal of the original order because the substantive relief granted in the original and subsequent orders was the same). Robison and Gov Whiz filed their notice of appeal on March 4, 2020, before the trial court signed the March 5, 2020 "Order on Motion to Enforce and Compel." Therefore, even if the first turnover order had been amended and superseded by an order signed on March 5, 2020, this appeal would not be moot.[5]

### THE FIRST TURNOVER ORDER

To prevail on their restricted appeal of the first turnover order, Robison and Gov Whiz must show that: (1) they filed a notice of restricted appeal within six months after the judgment was signed; (2) they were parties to the underlying lawsuit; (3) they did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent from the face of the record. *See Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also* TEX. R. APP. P. 30.

Robison and Gov Whiz argue, and we agree, that they satisfy the first three requirements for a restricted appeal. Robison and Gov Whiz satisfy the first restricted appeal requirement because they filed a notice of restricted appeal within six months after the judgment was signed. *See Pike-Grant*, 447 S.W.3d at 886. Robison and Gov Whiz satisfy the second requirement because they were parties to the first motion for aid in collection of the judgment. *See id*. Robison and Gov Whiz satisfy the third requirement because they did not participate in the hearing that resulted in the first turnover order and they did not timely file any post-judgment motions or requests for findings of fact and conclusions of law. *See id*.

---

[5]Even according to Watson's interpretation of it, the "Order on Motion to Enforce and Compel" provided the same substantive relief as the first turnover order while including additional terms.

Our final inquiry is whether Robison and Gov Whiz satisfy the fourth restricted appeal requirement: error apparent from the face of the record. As to this requirement, Robison and Gov Whiz argue the trial court abused its discretion by granting turnover relief without some evidence before it that Robison and Gov Whiz owned property and that such property was exempt from attachment, execution, or seizure for the satisfaction of liabilities as required by the Texas turnover statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a).

In a restricted appeal, the "face of the record" consists of all the papers that were before the trial court when it rendered its judgment. *Bahar*, 330 S.W.3d at 384. "The absence of legally sufficient evidence to support a judgment is reviewable in a restricted appeal." *Hodge v. Hanor*, No. 04-18-00255-CV, 2019 WL 73257, at *1 (Tex. App.—San Antonio Jan. 2, 2019, no pet.) (mem. op.) (citing *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)).

We review a turnover order for an abuse of discretion. *Heilmann v. Heilmann*, 04-18-00849-CV, 2020 WL 6293446, at *4 (Tex. App.—San Antonio Oct. 28, 2020, no pet.) (mem. op.); *Clayton v. Wisener*, 169 S.W.3d 682, 683 (Tex. App.—Tyler 2005, no pet.). Lack of evidence to support a turnover order is a relevant consideration in determining whether the trial court abused its discretion in rendering the order. *Heilmann*, 2020 WL 6293446, at *4; *Clayton*, 169 S.W.3d at 683. A turnover order requires a factual showing that the judgment debtor owns non-exempt property. *Heilmann*, 2020 WL 6293446, at *5; TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a). Once the judgment creditor produces evidence that the judgment debtor owns property, the burden shifts to the judgment debtor to prove the property is exempt from turnover. *Heilmann*, 2020 WL 6293446, at *6 (citing *Stanley v. Reef Secs., Inc.*, 314 S.W.3d 659, 667 (Tex. App.—Dallas 2010, no pet.)). "[T]he trial court must receive evidence to enable it to determine that the applicant has shown its entitlement to a turnover order under Section 31.002." *Pajooh v. Royal W. Invs. LLC*,

518 S.W.3d 557, 566 (Tex. App.—Houston [1st Dist.] 2017, no pet.). "A motion supported only by argument of counsel will be insufficient." *Id*.

Here, Robison and Gov Whiz argue the trial court had no evidence before it that they owned property and that such property was non-exempt. Because the initial burden was on the judgment creditor, Watson, to produce evidence that the judgment debtors, Robison and Gov Whiz, owned property, we focus on whether the trial court had some evidence before it that Robison and Gov Whiz owned property. *See Heilmann*, 2020 WL 6293446, at *6 (citing *Stanley*, 314 S.W.3d at 667). The record shows that no evidence was attached to the motion in aid of enforcement of judgment and no evidence was produced at the hearing. "Although section 31.002 does not specify the manner in which evidence may be received or require evidence to be in any particular form, at any particular level of specificity, or reach any particular quantum, a trial court must have some evidence before it establishing the necessary conditions for section 31.002 to apply." *Id*., at *4.

Watson contends the trial court had some evidence before it that Robison owned property based on an email attached to Watson's summary judgment motion. The granting of Watson's summary judgment motion resulted in the $410,494.00 judgment against Robison and Gov Whiz.[6] The email, which was attached to the summary judgment motion as "Exhibit E," was not accompanied by any authenticating document. Nothing in the record establishes the email was in fact sent by Robison. Purportedly from Robison, the email states in relevant part: "*I would much rather pay [Watson] the $25K than to have to go engage a lawyer with that money* just to go to a hearing about trying to get to the same place." (emphasis added). Because the email was not authenticated, it is not competent evidence. *See* TEX. R. EVID. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence

---

[6]Watson does not contend the trial court had some evidence before it that Gov Whiz owned property.

sufficient to support a finding that the item is what the proponent claims it is."); *In re Estate of Guerrero*, 465 S.W.3d 693, 703 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ("Under the summary judgment standard, copies of documents must be authenticated in order to constitute competent summary judgment evidence.").

Additionally, "[w]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983). The email itself does no more than refer to $25,000.00, without stating that Robison owned the funds or otherwise explaining the source of the funds. At most, the email created a mere surmise or suspicion that Robison had access to the funds, therefore, it could not provide evidentiary support for the turnover order. *See Great N. Energy, Inc. v. Circle Ridge Prod., Inc.*, No. 06-16-00029-CV, 2016 WL 7912458, at *10 (Tex. App.—Texarkana Sept. 28, 2016, no pet.) (mem. op.) (concluding conflicting testimony about the source of funds used to pay a court reporter was not evidence that appellant owned the funds when no witness testified that the funds actually came from appellant). We conclude the email was no evidence that Robison owned property.

A trial court abuses its discretion by issuing a turnover order without evidence of a substantive and probative character to support its decision. *Clayton*, 169 S.W.3d at 683; *HSM Dev., Inc. v. Barclay Prop., Ltd.*, 392 S.W.3d 749, 752 (Tex. App.—Dallas 2012, no pet.) (concluding the trial court abused its discretion when there was no indication the trial court was presented with or considered any evidence to support the requirements of the turnover statute). Because the trial court issued the first turnover order without any evidence that Robison and Gov Whiz owned property, it abused its discretion. We conclude Robison and Gov Whiz have established error apparent from the face of the record and have satisfied all the requirements to prevail on their restricted appeal of the first turnover order.

**CONCLUSION**

We dismiss the part of this appeal challenging the second turnover order for lack of jurisdiction. We reverse the first turnover order and remand the case to the trial court for further proceedings consistent with this opinion.

Irene Rios, Justice